UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: 6:14-CV-1450-ORL-37-DAB

ISLAND STONE NORTH
AMERICA, INC., a California
Corporation,

Plaintiff,

vs.

MARIA STOUT, an individual,
TERRY STOUT, an individual,
and STYLE IN STONES, LLC, a
Florida limited liability company,

Defendants.
_____/

## COMPLAINT FOR INJUNCTIVE RELIEF & DAMAGES

Plaintiff Island Stone North America, Inc. ("Plaintiff") hereby brings this suit against Defendants Maria Stout ("M. Stout"), Terry Stout ("T. Stout"), and Style in Stones, LLC ("Style in Stones") (all three collectively, "Defendants"), and states as follows:

### NATURE OF THE CASE

1. This is an action for, *inter alia*, injunctive relief and damages, arising under the U.S. Copyright Act, 17 U.S.C. § 101, *et seq.*; Florida's common law trademark law; false or misleading advertising in violation of Fla. Stat. §§ 817.41, *et seq.*; Florida's Deceptive and Unfair Trade Practices Act ("DUTPA"), Fla. Stat. §§ 501.201, *et seq*; and unjust enrichment.

### PARTIES

2. Plaintiff Island Stone North America, Inc., is a California corporation with its principal place of business located at San Jose, California.

LA 131554884v2

3. Defendant M. Stout is an individual who, upon information and belief, resides in Orlando, Florida, and is otherwise *sui juris*. Upon information and belief, M. Stout is an individual who operates, dominates, and controls Defendant Styles in Stones.

4. Defendant T. Stout is an individual who, upon information and belief, resides in Orlando, Florida, and is otherwise *sui juris*. Upon information and belief, T. Stout is an individual who operates, dominates, and controls Defendant Styles in Stones.

5. Defendant Style in Stones is a Florida limited liability company with its principal place of business located at 14146 Orchid Tree Place, Orlando, Florida 32828.

## JURISDICTION AND VENUE

6. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332 and principles of pendent jurisdiction. The amount in controversy exceeds $75,000.00, exclusive of costs, interest, and attorneys' fees. Personal jurisdiction over the Defendants is proper as they are all Florida residents or citizens that reside or are located within this judicial district.

7. Venue in this district is proper pursuant to 28 U.S.C. §1391.

## FACTUAL BACKGROUND

8. Plaintiff is a manufacturer of various high-end, artisan construction and commercial and residential home design materials, including various forms of stone, glass and other tiles and related materials.

9. Plaintiff has spent at least tens of thousands of dollars in advertising and promoting Plaintiff's brand throughout the United States and the world, and Plaintiff's dealers have sold large quantities of Plaintiff's products throughout the United States. Through these efforts, Plaintiff has positioned itself as a high-end luxury tile and stone manufacturer. Based on

this, and the resulting level of consumer recognition, Plaintiff's brand has generated substantial and longstanding good will to Plaintiff.

10. Plaintiff also owns common law trade dress rights in the design of its well-known products, based on extensive sales, advertising promoting these designs, and consumer recognition in the mark "Island Stone."

11. Additionally, Plaintiff is the sole, lawful and rightful owner of valid copyrights in multiple photographs of Plaintiff's products (the "Works"). Plaintiff has obtained valid copyright registrations for these Works from the United States Copyright Office. True and correct copies of Plaintiff's copyright registration certificates covering the Works are attached hereto as **Composite Exhibit "A."**

12. Defendants' website, www.styleinstones.com, contains and displays numerous unauthorized and infringing copies of Plaintiff's copyrighted Works. For example, Defendants' website contains Plaintiff's copyrighted Works where Defendants have superimposed the text "www.styleinstones.com" onto Plaintiff's images in an apparent attempt to conceal their infringement. Representative examples of such infringing content are attached as **Composite Exhibit "B."**

13. Defendants' website also falsely suggests that Styles in Stone is part of Plaintiff's international network of suppliers, and Plaintiff has received reports from consumers indicating confusion as to whether Styles in Stone is in fact affiliated with Plaintiff (which it is not).

14. Defendants have no right or legitimate interest in any of Plaintiff's copyrighted Works or common law trade dress rights in the mark "Island Stone." Plaintiff has never obtained any license, consent or permission from Defendants to make any use of its mark "Island Stone" or copyrighted Works in any manner whatsoever.

15. On or about December 16, 2013 Plaintiff sent Defendants a cease and desist demand which demanded that Defendants: (a) immediately remove all of Plaintiff's copyrighted materials from Defendants' website or anywhere else on the internet or print materials; and (b) agree not to infringe upon Plaintiff's copyrighted materials or common law trade dress rights in the future. Defendants, however, continued to illegally infringe upon Plaintiff's copyrighted materials and utilize Plaintiff's common law trade dress rights in the mark "Island Stone" without authorization.

16. On or about July 17, 2014 Plaintiff again sent Defendants a similar cease and desist demand and warning, among other things, that Defendants' failure to remove Plaintiff's copyrighted images from Defendants' website would lead to Plaintiff deeming Defendants' use of such materials as willful and intentional. To date, however, Defendants continue to use Plaintiff's copyrighted Works and mark "Island Stone" on Defendants' website.

17. Plaintiff has retained the law firm of Greenberg Traurig, P.A., to represent it in this matter and is required to pay the firm a reasonable fee for its services.

18. All conditions precedent to the filing of this action have occurred, been waived, or would otherwise be futile to perform.

### COUNT I
### (Copyright Infringement)
### (17 U.S.C. §§ 101 et seq.)

19. Plaintiff repeats and realleges the allegations contained in paragraphs 1-18 above as if fully set forth herein.

20. This is an action against Defendants for Copyright Infringement pursuant to 17 U.S.C. §101 *et seq.*

21. Plaintiff is the sole and exclusive owner of the entire right, title and interest in and to the copyrighted Works identified in **Composite Exhibit "A."** Defendants are not authorized to reproduce, distribute, make derivative works, or make any other use of these copyrighted materials in any manner whatsoever.

22. Defendants' acts complained of herein have violated, and continue to violate Plaintiff's exclusive rights (pursuant to 17 U.S.C. §106) in the copyrighted materials identified in **Composite Exhibit "A."**

23. Defendants' acts constitute infringement, in violation of the Copyright Act, 17 U.S.C. §§ 101, 106, 501, *et seq.*

24. Defendants' infringement was and continues to be willful. Furthermore, Defendants' willful infringement is for purposes of commercial advantage or private financial gain.

25. Plaintiff has suffered, and unless Defendants are enjoined, will continue to suffer, damages and harm for which there is no adequate remedy at law.

26. Plaintiff is therefore entitled to injunctive relief, impoundment and disposition of any infringing materials, and Plaintiff's actual damages and any additional profits of Defendants.

### COUNT II
### (Deceptive And Unfair Trade Practices Act)
### (Fla. Stat. § 501.201 et seq.)

27. Plaintiff repeats and realleges the allegations contained in paragraphs 1-18 above as if fully set forth herein.

28. Defendants' conduct alleged herein constitutes unfair methods of competition, unconscionable acts and practices, and unfair and deceptive acts and practices in the conduct of trade and commerce, in violation of Fla. Stat. §§ 501.201, *et seq.*

29. Defendants acted wantonly, willfully, intentionally, and maliciously and with total disregard for Plaintiffs' rights and property interests.

30. The foregoing conduct constitutes deceptive and unfair trade practices in violation of Florida Statutes §§501.201, *et. seq.*

31. Further, Defendants' use of Plaintiff's mark "Island Stone" constitutes deceptive and unfair trade practices.

32. As a direct and proximate result thereof, Plaintiff has been harmed.

33. As a direct and proximate result of Defendants' foregoing wrongful conduct, Plaintiff has suffered and unless enjoined will continue to suffer severe and substantial damages to its goodwill and reputation.

34. Plaintiff has no adequate remedy at law as monetary damages will not provide full and adequate relief for all of their injuries from Defendants' unlawful conduct.

35. Accordingly, Plaintiff is entitled to injunctive relief against Defendants under Fla. Stat. §§ 501.201 *et seq.* and to other relief and costs thereunder, including reasonable attorneys' fees and costs.

## COUNT III
### (Florida Common Law Trademark Infringement)

36. Plaintiff repeats and realleges the allegations contained in paragraphs 1-18 above as if fully set forth herein.

37. Defendants' use of Plaintiff's mark "Island Stone" for their directly competitive services is likely to cause confusion with Plaintiff.

38. By reason of the foregoing activities, Defendants have violated and infringed Plaintiff's rights in and to the mark "Island Stone" and have otherwise competed unfairly with Plaintiff, in violation of the common law of the State of Florida.

39. Upon information and belief, all of Defendants' acts were and are intentional and willful.

40. Upon information and belief, Defendants' acts have damaged Plaintiff and, unless enjoined, will continue to damage and cause irreparable injury to Plaintiff's reputation and goodwill.

41. Plaintiff has no adequate remedy at law.

## COUNT IV
### (Misleading Advertising)
### (Fla. Stat. §§817.41 *et seq.*)

42. Plaintiff repeats and realleges the allegations contained in paragraphs 1-18 above as if fully set forth herein.

43. Defendants' conduct alleged herein constitutes misleading advertising.

44. Upon information and belief, Defendants intentionally made and/or disseminated, or caused to be made or disseminated, before the general public of the State of Florida, the use of Plaintiff's mark "Island Stone" on their www.stylesinstone.com website, as described herein.

45. Defendants' use in commerce of Plaintiff's mark, as described herein, constitutes misleading advertising.

46. Upon information and belief, by engaging in such conduct, Defendants furthered their intended fraud and attempted to obtain money under false pretenses.

47. As a result of the foregoing wrongful conduct, Plaintiff has been damaged, and unless such conduct is enjoined, shall continue to suffer irreparable damage.

## COUNT V
### (Unjust Enrichment)

48. Plaintiff repeats and realleges the allegations contained in paragraphs 1-18 above as if fully set forth herein.

49. This is an action, pleaded in the alternative, for unjust enrichment.

50. Defendants have obtained revenues, profits and earnings from Defendants' conduct complained of herein. Upon information and belief, the purchasing public has been confused about Defendants' affiliation with Plaintiff, and has paid Defendants sums in payments for products purchased.

51. Under the circumstances, it would be inequitable for Defendants to retain all of the profits that Defendants obtained while deceiving the purchasing public about Defendants' affiliation with Plaintiff.

52. As a result, Plaintiff is entitled to recover from Defendants a portion of the gains obtained by Defendants as a result of their wrongful conduct.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment as follows:

1. Injunctive relief, enjoining Defendants, their officers, directors, members, shareholders, agents, servants, employees, subsidiaries, affiliates, successors, assigns, attorneys, representatives, any entities owned or controlled by any of them, and all those in active concert or participation with any of them, and each of them who receives notice directly or otherwise, from, *inter alia*:

   (a) continuing to engage in any conduct that violates the Copyright Act, the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201 *et seq.*; and/or Fla. Stat. §§817.41 *et seq.*;

   (b) continuing to engage in any conduct that violates the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201 *et seq.*, independent of the violations described in subsection (a), *supra*;

   (c) continuing to unjustly enrich themselves at Plaintiff's expense;

   (d) aiding, assisting or abetting any act prohibited by subparagraphs (a) through (c) above;

2. An order, whereby Defendants are ordered to, *inter alia:*, destroy any printed advertising materials containing Plaintiff's copyrighted Works and/or using the mark "Island Stone" or any other name containing said mark or any derivative thereof;

3. An accounting, whereby Defendants are ordered to account to Plaintiff and disgorge all the gains, profits, savings and advantages realized by them from all acts complained of above;

4. An award, whereby Plaintiff is awarded, *inter alia*:

 (a) statutory damages of $150,000 per work infringed;

 (b) treble damages for all damages suffered by Plaintiff by reason of the above-described conduct;

 (c) exemplary and punitive damages that the Court finds appropriate to deter any future tortious or unlawful conduct;

 (d) pre-judgment and post-judgment interest on the foregoing sums; and

 (e) reasonable attorneys' fees, costs and expenses incurred by Plaintiff as recoverable under applicable law, including without limitation, 17 U.S.C. § 505, *et seq.*, Fla. Stat. §501.2105 *et seq.*, and Fla. Stat. §§817.41 *et seq.*;

5. Such other and further relief as the Court deems just and proper.

Dated: September 4, 2014

Respectfully submitted,

s/ Gregory W. Herbert
Gregory W. Herbert, Esq.
Florida Bar No. 0111510
herbertg@gtlaw.com
GREENBERG TRAURIG, P.A.
450 S. Orange Avenue, Suite 650
Orlando, FL 32801
Telephone No. (407) 420-1000
Facsimile No. (407) 841-1295

Gerardo J. Rodriguez-Albizu, Esq.
Florida Bar No. 61685
rodriguezalbizu@gtlaw.com
GREENBERG TRAURIG, P.A.
777 S. Flager Drive, Suite 300 East
West Palm Beach, FL 33401
Telephone No. (561) 650-7900

*Counsel for Plaintiff Island Stone North America, Inc.*

**Exhibits**:

A:   Copyright Registrations w/copyrighted images attached (Composite)
B:   Examples of Copyright Infringement by Defendants (Composite)